UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.:  2:21-cv-09038-VAP-MAA                                    Date: January 12, 2022

Title:     Willie Lee Brooks, II v. State of California


Present:   The Honorable MARIA A. AUDERO, United States Magistrate Judge


|  Narissa Estrada  |  N/A  |
| --- | --- |
|  Deputy Clerk  |  Court Reporter / Recorder  |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
| --- | --- |
| N/A | N/A |

**Proceedings (In Chambers):**          **Order re: Filing of Petition**


On November 10, 2021, the United States District Court for the Eastern District of California received and filed Petitioner Willie Lee Brooks, II's ("Petitioner") *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Section 2254") ("Petition").  (Pet., ECF No. 1.)  The Eastern District transferred the Petition to this Court on November 17, 2021.  (ECF No. 3.)

Petitioner alleges four grounds for federal habeas relief:  (1) his Fourteenth Amendment equal protection rights were violated on account of racial discrimination when the trial court set his bail at $500,000 and would not let his family members use their homes as collateral; (2) the high bail amount violated his Fourteenth Amendment due process rights; (3) he was misled into accepting a plea deal, in violation of his equal protection rights; and (4) his sentence amounts to cruel and unusual punishment under the Eighth Amendment.  (Pet. 5–10.)[1]

The Petition suffers from certain procedural defects that must be resolved before Petitioner may proceed with this action.  These defects are listed below.  The Court **ORDERS** Petitioner to respond to the following issues by no later than **February 11, 2022.**

**Wholly Unexhausted Petition**

Setting aside the question of whether the Petition presents cognizable grounds for federal habeas relief, the Petition appears to be wholly unexhausted.

---

[1] Pinpoint citations in this Order refer to the page numbers appearing in the ECF-generated headers of the cited documents.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:21-cv-09038-VAP-MAA                                    Date: January 12, 2022

Title:  Willie Lee Brooks, II v. State of California

A state prisoner must exhaust his state court remedies before a federal court may consider granting habeas corpus relief.  *See* 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  To satisfy the exhaustion requirement, a habeas petitioner must fairly present his federal claims in the state courts "in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights."  *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citation and quotation marks omitted).  For a petitioner in California state custody, this generally means that the petitioner must have fairly presented his federal claims to the California Supreme Court.  *See O'Sullivan*, 526 U.S. at 845 (interpreting 28 U.S.C. § 2254(c)); *see also Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999) (applying *O'Sullivan* to California).  A claim has been fairly presented if the petitioner presents "both the operative facts and the federal legal theory on which his claim is based."  *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008) (citation and quotation marks omitted); *accord Gray v. Netherland*, 518 U.S. 152, 162–63 (1996).  The Court may raise exhaustion issues *sua sponte* and may summarily dismiss a petition without prejudice on exhaustion grounds.  *See Stone v. San Francisco*, 968 F.2d 850, 855–56 (9th Cir. 1992); *Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981).

Here, Petitioner concedes that he has not raised any of his claims in state court, either on direct appeal or through state court habeas proceedings.  (*See* Pet. 5–10.)  Petitioner must fairly present his claims to the state's highest court before he may maintain a suit in this federal district court.  *See Gatlin*, 189 F.3d at 888.  Because the Petition is wholly unexhausted, the Petition appears to be subject to summary dismissal without prejudice.  *See* 28 U.S.C. § 2254(b)(1)(A).

Before the Court recommends dismissal of the action, the Court will afford Petitioner an opportunity to respond.  Petitioner is **ORDERED** to show cause why the Court should not recommend dismissal of the Petition for failure to exhaust claims in state court.  Petitioner shall respond to this Order to Show Cause in writing by no later than **February 11, 2022**.  Petitioner may discharge the Order to Show Cause by filing one of the following three documents:

(1) Notice of Dismissal.  Petitioner may file a notice of dismissal of his Petition.  The Clerk is directed to attach Form CV-09 (Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c)) to this Order to Show Cause.

(2) Request for *Rhines* Stay.  Petitioner may file a request for a stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005).  If Petitioner elects this option, he must make the requisite showing of good cause for his failure to exhaust his unexhausted claims in state court prior to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:21-cv-09038-VAP-MAA                          Date: January 12, 2022

Title:     Willie Lee Brooks, II v. State of California

filing his Petition.  He also must demonstrate to the Court's satisfaction that his unexhausted claims are not plainly meritless—for example, by citing the Supreme Court authority upon which he is relying in support of that claim.  Finally, he must demonstrate to the Court's satisfaction that he has not engaged in abusive litigation tactics or intentional delay.  *See Rhines*, 544 U.S. at 277-78.

(3) Response to Order to Show Cause.  If Petitioner contends that he has exhausted his state-court remedies, he may explain this clearly in a written response to this Order to Show Cause.  Petitioner should attach to his response copies of any documents establishing that the claims are exhausted, including a complete copy of his petition in the California Supreme Court and any decision by the California Supreme Court.  (Petitioner also may indicate that, in the event the Court still finds that the claims are unexhausted, he selects one of the options discussed above.)

**Petitioner is expressly cautioned that failure to respond to this Order by February 11, 2022 will result in a recommendation that the Petition be dismissed without prejudice for failure to exhaust claims in state court pursuant to 28 U.S.C. § 2254(b)(1)(A), and for failure to prosecute and failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b).**

**Statute of Limitations**

The Court takes judicial notice of Petitioner's state proceedings relating to this conviction. *See* Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *Harris v. County of Orange*, 682 F.3d 1126, 1131–32 (9th Cir. 2012) (court may take judicial notice of "documents on file in federal or state courts"); *Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2001) (taking judicial notice of "relevant state court documents" because they "have a direct relationship to" federal habeas proceedings), *overruled on other grounds by Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Petitioner was sentenced in the Los Angeles County Superior Court on October 28, 1998. (Pet. 1.)  Although Petitioner states that he appealed his conviction, he does not provide any information regarding his appeal.  (*Id.* at 2.)  Based on the Court's own research, it appears that the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:21-cv-09038-VAP-MAA                    Date: January 12, 2022

Title:     Willie Lee Brooks, II v. State of California

California Court of Appeal affirmed Petitioner's conviction on November 24, 1999.  *See* Appellate Courts Case Information, California Courts, https://appellatecases.courtinfo.ca.gov/index.cfm (select "Second Appellate District" and enter "Willie Lee Brooks" in "Search by Party" search bar) (last visited Jan. 11, 2022).  Petitioner did not seek further review of his conviction or sentence.  (*See* Pet. 2–3.)

       Petitioner then commenced this federal action.  Petitioner executed his Petition on November 7, 2021 and verified that he placed the Petition in the prison mailing system on that date.  (Pet. 15.)  Thus, for the purpose of this Order to Show Cause, the Court will assume the Petition was constructively filed on November 7, 2021.  *See Campbell v. Henry*, 614 F.3d 1056, 1058–59 (9th Cir. 2010) ("Under the mailbox rule, a prisoner's pro se habeas petition is deemed filed when he hands it over to prison authorities for mailing to the relevant court." (citation and quotation marks omitted)); *accord* Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts.

       District courts may consider *sua sponte* whether a state habeas petition is untimely and may dismiss a petition that is untimely on its face after providing the petitioner with an opportunity to respond.  *See Day v. McDonough*, 547 U.S. 198, 209 (2006); *Wentzell v. Neven*, 674 F.3d 1124, 1126 (9th Cir. 2012).  As discussed below, setting aside the merits of Petitioner's claim for relief, the Petition appears to be untimely.

       The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year statute of limitations on all federal habeas petitions filed by persons in custody pursuant to the judgment of a state court.  *See* 28 U.S.C. § 2244(d) ("Section 2244(d)").  Section 2244(d)(1) provides:

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—

(A)     the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
(B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.:  2:21-cv-09038-VAP-MAA                          Date: January 12, 2022

Title:     Willie Lee Brooks, II v. State of California

the Supreme Court and made retroactively applicable to cases on collateral
review; or
(D)     the date on which the factual predicate of the claim or claims presented
could have been discovered through the exercise of due diligence.
The Court must evaluate the commencement of the limitation period on a claim-by-claim basis.  *See Mardesich v. Cate*, 668 F.3d 1164, 1169–71 (9th Cir. 2012); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 416 n.6 (2005).

Here, it appears that the AEDPA limitation period trigger is the date on which Petitioner's criminal judgment became final.  Because Petitioner did not file a petition for review with the California Supreme Court, his conviction became final on January 3, 2000, which was forty days after the California Court of Appeal affirmed his conviction on November 24, 1999.  *See* Cal. R. Ct. 8.366(b)(1) (providing that a Court of Appeal decision in a criminal appeal becomes final 30 days after filing), 8.500(e)(1) (providing that petition for review must be filed in California Supreme Court within 10 days after Court of Appeal decision becomes final); *see also Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) ("for a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' on the date that the time for seeking such review expires.")  Thus, absent any tolling, Petitioner's deadline to file a federal habeas petition was January 2, 2001.

The limitations period is statutorily tolled while any properly filed application for post-conviction relief is pending in the state courts.  *See* 28 U.S.C. § 2244(d)(2).  Additionally, so long as the petitioner's initial state habeas petition is timely, the time between an adverse decision of a lower state court and the petitioner's timely application in a higher state court also is tolled.  *See Valdez v. Montgomery*, 918 F.3d 687, 690 (9th Cir. 2019).  However, Petitioner is not entitled to statutory tolling because he did not file any state court habeas convictions challenging his conviction.  (*See* Pet. 3.))

In addition to statutory tolling, the limitations period also may be subject to equitable tolling. Equitable tolling is appropriate if a petitioner can demonstrate (1) he has diligently pursued his rights up to the time of filing his claim in federal court and (2) some extraordinary circumstance prevented him from making a timely filing despite his reasonable diligence.  *See Holland v. Florida*, 560 U.S. 631, 649 (2010); *see also Smith v. Davis*, 953 F.3d 582, 598–600 (9th Cir. 2020) (en banc). Equitable tolling is applied sparingly, and the threshold to trigger such tolling is high.  *See, e.g.*, *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009).  Here, Petitioner has not alleged any facts in the Petition indicating that he may be entitled to equitable tolling.  (*See* Pet.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:21-cv-09038-VAP-MAA                                Date: January 12, 2022

Title:     Willie Lee Brooks, II v. State of California

Finally, in rare and extraordinary cases, a convincing showing of actual innocence may serve as a gateway through which a petitioner may pass to overcome the statute of limitations.  *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).  The standard for a claim of actual innocence is demanding:  a petitioner must "persuade[] the district court that, in light of . . . new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).  To bring a tenable claim of actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324.  The habeas court then "consider[s] all the evidence, old and new, incriminating and exculpatory, admissible at trial or not," and "makes a probabilistic determination about what reasonable, properly instructed jurors would do." *Lee v. Lampert*, 653 F.3d 929, 938 (9th Cir. 2011) (alteration in original) (citations and quotation marks omitted).  Unexplained or unjustified delay in presenting new evidence is "a factor in determining whether actual innocence has been reliably shown." *Perkins*, 569 U.S. at 387.  Here, the Petition does not identify any such new evidence, let alone provide evidence that casts serious doubt about the conviction and that would permit the Court to consider Petitioner's otherwise time-barred claim.  (*See* Pet.)

Thus, absent further evidence, the Petition appears to be barred as untimely pursuant to 28 U.S.C. § 2244(d)(1).  Petitioner is **ORDERED** to show cause in writing by no later than **February 11, 2022** why this Court should not recommend dismissal of this action as untimely.

Petitioner may satisfy this Order to Show Cause by filing a written response either (1) conceding that the action is untimely or (2) setting forth additional facts that would meet his burden to show (a) he is entitled to statutory tolling, (b) he is entitled to equitable tolling, or (c) new reliable evidence supports an allegation that he is actually innocent.  *See, e.g.*, *Banjo v. Ayers*, 614 F.3d 964, 967 (9th Cir. 2010) ("[The petitioner] bears the burden of proving that the statute of limitations was [statutorily] tolled."); *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (acknowledging that the petitioner bears the burden of proving equitable tolling is appropriate); *Lee*, 653 F.3d at 938 (acknowledging that the petitioner bears the burden to show actual innocence).  After the Court receives Petitioner's response, the Court may prepare a Report and Recommendation of dismissal for submission to the District Judge.  This Order to Show Cause is not dispositive of Petitioner's claim for habeas relief.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:21-cv-09038-VAP-MAA                    Date: January 12, 2022

Title:     Willie Lee Brooks, II v. State of California

       Instead of filing a response to the Order to Show Cause, Petitioner may request to dismiss this action voluntarily pursuant to Federal Rule of Civil Procedure 41(a).  The Clerk is directed to attach Form CV-09 (Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c)) to this Order to Show Cause.

       **Petitioner is expressly cautioned that failure to respond to this Order to Show Cause by February 11, 2022 will result in a recommendation that the Petition be dismissed for untimeliness pursuant to 28 U.S.C. § 2244(d)(1), and for failure to prosecute and failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b).**

## Personal Jurisdiction

       The proper respondent in a state habeas action is the "state officer having custody" of the petitioner.  *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (citation and quotation marks omitted).  "This person typically is the warden of the facility in which the petitioner is incarcerated." *Stanley v. Cal. Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994).  Failure to name the correct custodian as a respondent may deprive the court of personal jurisdiction over the petition.  *See id.*

       Petitioner named the Attorney General of the State of California as the sole respondent to his Petition.  (*See* Pet. 1.)  The California Attorney General is not the proper respondent to this action.  Petitioner is **ORDERED** to file a response to this Order identifying by name the proper respondent—the warden of California Health Care Facility, the institution in which Petitioner is incarcerated (*see id.*)—by no later than **February 11, 2022**.  Failure to do so will result in the Court's recommendation that the action be dismissed for lack of personal jurisdiction over the Petition.

       **Petitioner is expressly cautioned that failure to respond to this Order by February 11, 2022 will result in a recommendation that the Petition be dismissed without prejudice for lack of personal jurisdiction, and for failure to prosecute and failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b).**

* * *

       It is so ordered.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:21-cv-09038-VAP-MAA                          Date: January 12, 2022

Title:     Willie Lee Brooks, II v. State of California

Attachments

Form CV-09 (Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c))